**JS-6**    O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1523 AHM (MANx) | | Date | March 11, 2009 |
|---|---|---|---|---|
| Title | JPMORGAN CHASE, NATIONAL ASSOCIATION v. ROSARIO HERNANDEZ, et al. | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:        Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

On December 26, 2008, Plaintiff filed this unlawful detainer action in state court. On March 4, 2009, Defendant, acting *in propria persona*, filed a Notice of Removal in this Court.  Defendant states that this Court has jurisdiction because "[a]djudication of plaintiff/cross-defendants complaint requires an analysis and construction of federal law, including RESPA, TILA, ECOA, HOEPA and RICO."  Notice of Removal ¶ 5.

A federal court must determine its own jurisdiction even if there is no objection to it.  *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996).  Jurisdiction must be determined from the face of the complaint.  *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987).  A federal court  has jurisdiction over claims "arising under" federal law.  28 U.S.C. § 1331.  The federal question must be clear from the well-pleaded complaint; a responsive pleading such as a counterclaim, cross-claim, or third-party claim cannot form the basis for federal question jurisdiction.  *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); *see also* 2 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 704.5 (The Rutter Group 2008).  The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute – here, Defendant. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).  Jurisdiction is assessed as of the time of removal.  *Ghaderi v. United Airlines*, 136 F.Supp.2d 1041 (N.D.Cal. 2001).

In this case, the action for unlawful detainer does not present a federal question and the alleged "cross-complaint" does not provide the basis for jurisdiction.  The "cross-complaint" is not attached to the Notice of Removal, and even if it were Defendant states no reason why counter-claims or defenses under RESPA or TILA would permit removal.

**JS-6**          O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-1523 AHM (MANx) | Date | March 11, 2009 |
|---|---|---|---|
| Title | JPMORGAN CHASE, NATIONAL ASSOCIATION v. ROSARIO HERNANDEZ, et al. | | |

*See Fardella v. Downey Savings & Loan Ass'n,* No. 00-4393, 2001 WL 492442, at \*2 (N.D. Cal. May 9, 2009) ("Since neither RESPA or TILA preempt Plaintiffs' state law claims, *see* 12 U.S.C. § 2616 & 15 U.S.C. § 1610, jurisdiction does not exist under this independent corollary."). Furthermore, the Notice does not state that removal is timely, and it appears that it is not, given that the Notice of Removal was filed on March 4, 2009, long after the Complaint was filed on December 26, 2008.

The Court therefore ORDERS, *sua sponte*, that this action is **remanded** to the Superior Court of the State of California in the County of Los Angeles - Northwest District, for lack of jurisdiction.

_____  :  _____

Initials of Preparer          se